FILED

AUG 01 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| WEI WANG, | No. 11-73578 |
| Petitioner, | Agency No. A088-558-337 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 10, 2013
San Francisco, California

Before: FERNANDEZ, PAEZ, and BERZON, Circuit Judges.

Wei Wang, a native and citizen of China, petitions for review of the Board

of Immigration Appeals (BIA)'s order dismissing his appeal of an immigration

judge's decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture.  We deny the petition.

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**1.** The BIA did not err in concluding that Wang failed to establish past persecution on account of political opinion, membership in a particular social group, or religion. The primary harm Wang alleges is the forced abortion and sterilization to which his wife was subjected, with consequent impact on him. The BIA correctly recognized that such harm could not alone establish that Wang was entitled to asylum. *See Jiang v. Holder*, 611 F.3d 1086, 1095 (9th Cir. 2010); *Matter of J-S-*, 24 I. & N. Dec. 520, 534–35 (Att'y Gen. 2008). The BIA did recognize that Wang may have been eligible for asylum if his wife had been targeted to punish him, but correctly determined that Wang never made such an allegation.

Nor did the BIA err in concluding that Wang did not demonstrate a well-founded fear of future persecution. After his wife was forcibly sterilized, he suffered no punishment; he subsequently received an important position at a government-run university. His wife continues to live in China without further incident. The record evidence of country conditions establishes no pattern or practice of persecution of a group of persons similarly situated to Wang, namely men whose spouses have suffered forced abortions or sterilizations. *See* 8 C.F.R. § 1208.13(b)(2)(iii).

The BIA therefore did not err in rejecting Wang's asylum application.

**2.** Because Wang failed to qualify for asylum, he necessarily failed to satisfy the more stringent standard for withholding of removal. *Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

**3.** For similar reasons that the BIA did not err in determining that Wang had not established a well-founded fear of future persecution, substantial evidence also supports the BIA's conclusion that it was not "more likely than not" that Wang would be tortured if he were removed to China. *See* 8 C.F.R. § 1208. 16(c)(2).

**DENIED.**